IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT K. ELLIS,

    Plaintiff,

v.           CIVIL ACTION NO. 5:10-cv-00898

D. BERKEBILE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed Plaintiff's Application to Proceed Without Prepayment of Fees and Costs [Docket 1], his Motion to Withdraw FTCA Claim from the Bivens Claim [Docket 16] and his Motion to Reach a Final Disposition [Docket 17]. By Standing Order [Docket 4] entered on July 13, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted findings of fact and has recommended, based on Plaintiff's failure to exhaust administrative remedies, that the Court deny his Application to Proceed Without Prepayment of Fees and Costs, dismiss Plaintiff's Complaint without prejudice and remove this matter from the Court's docket. Plaintiff filed his objections [Docket 15] on November 4, 2010.

I.

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2006), requires inmates to properly exhaust available administrative remedies prior to filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008). This requirement is mandatory, and is applicable to constitutional claims made under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). However, "an administrative remedy is not considered to have been available if a prisoner, through

2

no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).[1]

The exhaustion of administrative remedies is an affirmative defense, rather than a jurisdictional requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it. *See Jones v. Bock*, 549 U.S. 199, 212 (2007); *see also Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir.2005). The Supreme Court has recently rejected the argument that the failure to exhaust is somehow subsumed in the PLRA's enumeration of grounds authorizing early dismissal of a case.[2] However, as our Court of Appeals has stated, "even if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005) for its holding that district court may raise affirmative defense of exhaustion *sua sponte* under the PLRA so long as plaintiff is given an opportunity to respond).

---

[1] Judge VanDervort sets forth the Bureau of Prisons grievance process in his PF&R.

[2] Pursuant to 28 U.S.C. § 1915, the Court shall dismiss a proceeding *in forma pauperis* at any time if the Court determines
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

II.

In his Complaint, Plaintiff asserts that he has been suffering agonizing pain from significant dental problems "for over three months with tooth aches, broken teeth with sharp metal hanging down, and cavities." (Compl. 4B.) He asserts that he has made multiple requests to see the dentist but has received no response. He attaches to his complaint copies of "Inmate Request to Staff" forms dated April 13, April 27, May 4, May 18, May 25, June 1, June 8, June 22, June 30 and July 6, 2010, documenting these requests. He names as defendants Warden Berkebile, dentist Dr. Hughes and dental assistant K. Karl.

On August 25, 2010, Plaintiff filed a Motion to Amend [Docket 8], requesting the addition of his counselor, John Grimes, as a defendant. He asserts in this motion that Mr. Grimes acted with deliberate indifference to his dental problems, and that he retaliated against Plaintiff for filing complaints against him. On September 14, 2010, Plaintiff filed a new Motion to Amend [Docket 9] naming the Assistant Health Service Administrator, Mr. Bailey, Acting Warden Harmon and the Department of Justice/Federal Bureau of Prisons as defendants. He alleges that defendants acted with deliberate indifference to his medical treatment and violated his Eighth Amendment rights under the United States Constitution.

To the extent Plaintiff names federal officers in their individual capacities, the magistrate judge construes, as does this Court, Plaintiff's complaint as asserting claims of violations of his constitutional rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). To the extent Plaintiff brings an action against the United States Government, he is bringing a claim under the Federal Tort Claims Act ["FTCA"] for injuries sustained during

confinement in a federal prison. *See United States v. Muniz*, 374 U.S. 150 (1963). With respect to these claims, the magistrate judge concluded that Plaintiff failed to exhaust his administrative remedies. (PF&R 4). Specifically, he examined the exhibits attached to Plaintiff's complaint and his supplemental exhibits and found that Plaintiff initiated an administrative complaint with the Warden in April 2010, but did not complete the administrative processing of his *Bivens* claim prior to his initiation of this case on July 13, 2010. (PF&R 14-15.) The magistrate judge further found that Plaintiff did not complete the administrative process with respect to his tort claim prior to filing his complaint, inasmuch as he initiated an administrative tort claim on July 16, 2010, three days after he initiated this action. (PF&R 15.) Judge VanDervort notes in his PF&R, however, that it appears that Plaintiff did exhaust his administrative remedies with respect to his FTCA claim on September 1, 2010, and therefore Plaintiff may be entitled to file an FTCA action naming the United States as a party before March 1, 2011.

Plaintiff admits in his complaint that he did not exhaust administrative remedies prior to filing this action. (Compl. 4.) In his objections he concedes that his FTCA claim was filed prematurely. He has since filed a Motion to Withdraw the FTCA Claim from the *Bivens* Claim [Docket 16], and a Motion to Reach Final Disposition [Docket 17] so that he may file his FTCA claim before his deadline of March 1, 2011. Accordingly, the Court need only address Plaintiff's *Bivens* claim.

III.

With respect to his *Bivens* claim, Plaintiff essentially contends that administrative remedies were unavailable to him because on July 11, 2010, Mr. Grimes told him that he would never see a dentist because he was complaining about the staff. (Compl. 5B; Objs. 1-2.) After that incident, Plaintiff asserts that he "truly believed (and believes now) that he was blocked from receiving relief by the ARP [Administrative Remedy Process], and that the only way to get relief from the pain and suffering and stop further retaliation and harm, would be to file a claim pursuant to 42 U.S.C. 1983, which he proceeded to do on July 13, 2010." (Objs. 1-2.) He asserts that he attempted to bypass Mr. Grimes and pursue his administrative remedy by sending his Administrative Remedy Request to the Regional Director on July 12, 2010, but the Regional Director rejected his request. (Obj. 2.) He then sent an objection to General Counsel on July 19, 2010, but never received a response. (Obj. 2.) On July 19, 2010, he also sent a copy of the objection to Acting Warden Harmon by placing it in the institutional mail box. However, Warden Harmon informed him that he did not receive it and that Plaintiff could not place the objection in the mail box, rather, it had to go through the "Unit Team." (Obj. 3.) Plaintiff asserts that the only Unit Team members are the case manager and the counselor, Mr. Grimes, and that the case manager will not handle these requests so Plaintiff's only option was to go through Mr. Grimes, who he was trying to avoid. (Obj. 3.)

Notwithstanding Plaintiff's claims that he believed that he was blocked from receiving administrative relief, the documents he submits with his Complaint and Motion to Supplement do not show that he was prevented from pursuing his administrative remedies. First, on July 16, 2010, rejection notice from the Regional Office states that his request or appeal is denied because it was

6

filed at the wrong level and because he did not include with it a copy of his Institution Administrative Remedy Request. It further states that he may resubmit his appeal in proper form within ten (10) days of the rejection. Next, an email exchange between Plaintiff and the Warden dating from July 19, 2010, to August 30, 2010, reveals that Plaintiff had been seen by the dental department seven (7) times since August 2009, and that the dental department had his current requests and he would be scheduled for an appointment. Plaintiff responded by expressing that he did not want to be seen by Dr. Hughes because he had a lawsuit pending against him and that he needed to be transferred to another institution for dental care. The email chain also included a statement by the Warden recognizing that Plaintiff submitted an Administrative Remedy to the regional office, which was rejected, and informed Plaintiff of the procedural deficiencies resulting in that rejection.

Plaintiff's assertion that Mr. Grimes prevented him from exhausting his administrative remedies is contradicted by the documents he attaches to his complaint and motions. He continued to pursue administrative remedies after filing his complaint on July 13, 2010. He does not allege how Mr. Grimes prevented his attempts to exhaust, only that he believed he was "blocked from receiving relief." The procedural rejection of his Administrative Remedy by the regional office further forecloses exhaustion. The reasons for the rejection explain that Plaintiff did not properly adhere to the grievance process, rather than indicate that he was being retaliated against or prevented from pursuing remedies by an individual officer. Accordingly, Plaintiff has provided sufficient information to make a definitive ruling that he failed to exhaust his administrative remedies prior to filing his complaint.

For the reasons above, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation [Docket 11]. The Court **ORDERS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Docket 1] be **DENIED** and his Complaint [Docket 3] be **DISMISSED** without prejudice. The Court further **ORDERS** that his Motion to Withdraw FTCA Claim from the Bivens Claim [Docket16] and his Motion to Reach a Final Disposition [Docket 17] be **DENIED** as moot. The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 17, 2011

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA